IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00499-KDB-DCK

| | |
|---|---|
| MOUHSINA MAYAR AND NAJIBULLAH MAYAR, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, <br><br> Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant United States Department of State's Motion to Dismiss Amended Complaint (Doc. No. 27), which challenged the application of Presidential Proclamation 10949 ("Proclamation") to Plaintiffs' immediate family members' immigrant visa applications. The Proclamation suspends the entry of nationals from Afghanistan and eleven other countries found to be deficient with regards to screening and vetting and determined to pose a very high risk to the United States, subject to the exceptions and case-by-case waivers described in the Proclamation. *See* 90 Fed. Reg. 24497-505. For the reasons discussed below, the Court will **GRANT** the motion.

I.     **LEGAL STANDARD**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient

1

allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, a *pro se* complaint, as here, must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where ... there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement does not permit a district court

to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II.     FACTS AND PROCEDURAL HISTORY

In its denial of Plaintiffs' Motion for TRO and Preliminary Injunction, the Court provides a detailed factual and procedural history, which will not be repeated here. Briefly, Plaintiffs' children, all Afghan nationals, have filed F22 visa applications ("child of lawful permanent resident") seeking to immigrate. However, on June 4, 2025, the President issued Presidential Proclamation 10949. *See* 90 Fed. Reg. 24497-505 (June 10, 2025). The Proclamation fully suspends and limits the entry of nationals from twelve countries, including Afghanistan, that the President found to be deficient with regards to screening and vetting and therefore pose a very high risk to the United States. § 2. Plaintiffs believe that the Proclamation offers no "meaningful waiver process," and that without judicial intervention, their family members' visa applications will be denied solely due to their Afghan nationality under the Proclamation. *See* Doc. No. 24.

After the Court denied their Motion for TRO and Preliminary Injunction, Plaintiffs filed an Amended Complaint asking the Court to declare Defendant's application of Proclamation 10949 to "Plaintiffs' family members without individualized consideration unlawful" and to order "individualized adjudication with a documented decision." *Id.* at 2. In response, the State Department filed a Motion to Dismiss, arguing that the Proclamation is a valid exercise of Presidential Power, and that Plaintiffs' claims are barred by *Trump v. Hawaii,* because the visa applications "were (and remain) '[r]efused'" as of September 10, 2025. *See* Doc. No. 28 at 9.

On October 9, 2025, the Court issued to Plaintiffs a Roseboro Notice, directing them to reply to Defendant's Motion to Dismiss on or before October 23, 2025, or risk the Court granting

Defendant's Motion. Plaintiffs have not responded and the time to do so has expired. Therefore, the matter is ripe for this Court's review.

### III. DISCUSSION

As an initial matter, Plaintiffs have not responded to Defendant's Motion to Dismiss. "The Fourth Circuit has made clear that a party waives an argument … by failing to develop its argument—even if its brief takes a passing shot at the issue." *Bigelow Corp. v. Hounds Town USA, LLC*, No. 323CV00134-FDW-SCR, 2023 WL 4939386, at *3 (W.D.N.C. Aug. 2, 2023) (quoting *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017)). Accordingly, in *Bigelow*, the Court treated defendant's motion as uncontested. *Id.* (citing *City of Brevard v. CDM Smith, Inc.*, No. 1:20-cv-160-MR-WCM, 2021 WL 1015858, at *6 (W.D.N.C. Feb. 2, 2021)) (collecting cases holding that when plaintiffs fail to respond to a motion to dismiss argument, courts may assume they concede the merits of that argument). "However, even where a motion to dismiss goes unchallenged, 'the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.'" *Id.* at *4 (quoting *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014)).

Turning to the merits, Plaintiffs argue both (as they did in their original Complaint) that Proclamation 10949 is more restrictive in its waiver process than was an earlier Proclamation,[1] and that their Fifth Amendment "right" to "family integrity and association" has been violated.

---

[1] When denying Plaintiffs Motion for TRO and Preliminary Injunction, the Court explained, "Plaintiffs suggest that the two proclamations differ in that the earlier proclamation contained broader opportunities for individuals to obtain waivers of the entry restrictions. While this is true, the Proclamation challenged here does contain both individual and categorical waiver provisions and, more importantly, the Supreme Court did not rest its ruling in *Trump v. Hawaii* on the presence of particular waiver provisions (instead it references the waiver opportunities – in addition to other items – as a rejoinder to the argument that the proclamation reflected a clear anti-Muslim religious animus)." Doc. No. 22 at 9 n.3.

4

They ask for the same relief as in their original Complaint, that is, for the Court to declare the application of Proclamation 10949 to their family members' visa applications to be unlawful, and to issue injunctive relief. Doc. No. 24 at 2. However, unlike in their earlier Complaint, the visas at issue have now been denied. Doc. No. 28 at 12.

The "well established" doctrine of consular nonreviewability generally bars Courts reviewing consular denials of visas. *Sesay v. United States*, 984 F.3d 312, 315–16 (4th Cir. 2021). Indeed, "judicial deference is required where executive officials, such as the consular officer here, possess expertise in matters falling outside judicial competency, including local conditions in foreign countries, diplomatic relationships and protocols, and national security needs." *Id.* at 315 (citing *Negusie v. Holder*, 555 U.S. 511, 517 (2009)). In addition, Courts generally may not intervene even where a consular determination rests on "allegedly erroneous information," where the "consular official may have erroneously interpreted and applied the INA," or where their "decision was not authorized by the INA." *Romero v. Consulate of U.S., Barranquilla, Colombia*, 860 F. Supp. 319, 322, 324 (E.D. Va. 1994) (citations omitted) (explaining the "doctrine of nonreviewability of consular officers' visa determination is essentially without exception," otherwise "federal courts would be inundated with claims of disappointed and disgruntled off-shore aliens seeking review of consular officers' denials"). *See also Trump v Hawaii,* 585 U.S. 667, 703 (2018) (the "Government need provide only a statutory citation to explain a visa denial.").

Further, precedent confines admission and exclusion determinations to the political branches as a fundamental aspect of sovereignty, placing them largely outside judicial control. *See Sesay*, 984 F.3d at 316. *See also Ashby v. U.S. Dep't of State*, No. 3:16-CV-00585-FDWDCK, 2017 WL 1363323, at *6–7 (W.D.N.C. Apr. 12, 2017), *aff'd*, 697 F. App'x 219 (4th Cir. 2017) ("[T]he power to exclude aliens is 'to be exercised exclusively by the political branches of

5

government,'" and challenging consular visa decisions "goes to the heart of what is insulated from judicial review by the doctrine of consular nonreviewability.") (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972)). Put another way, "[t]he doctrine of nonreviewability of a consul's decision to grant or deny a visa stems from the Supreme Court's confirming that the legislative power of Congress over the admission of aliens is virtually complete." *Id.* at *3.

Plaintiffs are thus not entitled to the requested relief because their claims are barred by consular nonreviewability, and the decision to deny the issuance of visas rests solely within the discretion of the consular officer. *See Humaid v. Garland,* 714 F. Supp. 3d 201 (W.D.N.Y. 2024) (claim brought by father, a naturalized United States citizen, against United States Attorney General and government agencies, seeking mandamus action and declaratory relief to compel defendants to grant immigrant visas to children or to suspend action and return petitions for further proceedings, fell within doctrine of consular nonreviewability). Moreover, Plaintiffs appear to acknowledge that upon denial of the visas (which occurred on or before September 10, 2025, according to the Government), their claims would be barred by consular nonreviewability. Doc. Nos. 28 at 12; 12 at 2 ("Waiting until after the harm is inflicted would leave Plaintiffs with no effective remedy due to the shield of consular nonreviewability.").

Next, to the extent that Plaintiffs allege they have a constitutionally protected interest in "family integrity and association," the Supreme Court permits an extremely limited review of constitutional claims. *See Dept. of State v. Muñoz*, 602 U.S. 899, 908 (2024). The review permitted is confined to considering whether a "facially legitimate and bona fide reason was cited for the refusal" but only where the visa refusal burdens the constitutional rights of a United States citizen. *Id.* Yet the only constitutional right Plaintiffs allege to have been burdened is their Fifth Amendment "interest in family integrity and association," an argument rejected by *Muñoz* and

6

other courts. *See* 602 U.S. at 909 (rejecting Plaintiff's argument that "the State Department abridged [plaintiff's] fundamental right to live with her spouse in her country of citizenship" and holding that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country."). *See also Conley v. U.S. Dep't of State,* 731 F. Supp. 3d 104, 112 (D. Mass. 2024) (noting that several courts had rejected claims that U.S. citizens have a constitutional right to family unity for … family members, such as adult children and their parents); *Khachatryan v. Blinken,* 4 F.4th 841, 862 (9th Cir. 2021) ("[T]he [Supreme] Court has never suggested that whatever protection applies to extended-family relationships entails a constitutionally rooted expectation that one will be allowed to bring one's parents or adult children into the United States."). "While families of putative immigrants certainly have an interest in their admission, it is a fallacy to leap from that premise to the conclusion that United States citizens have a fundamental right that can limit how Congress exercises the Nation's sovereign power to admit or exclude foreigners." *Muñoz,* 602 U.S. at 915–16 (quoting *Fiallo v. Bell*, 430 U.S. 787, 795 n.6 (1977)) (internal quotations omitted). Accordingly, Plaintiffs' constitutional claim fails, and the Court will **GRANT** Defendant's Motion to Dismiss.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Amended Complaint (Doc. No. 27) is **GRANTED**; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 28, 2025

Kenneth D. Bell
United States District Judge

7

Case 3:25-cv-00499-KDB-DCK   Document 30   Filed 10/28/25   Page 7 of 7